UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD CHRISTOPHER GALKA,

       Plaintiff,                           Civil Action No. 11-13089

vs.                                         HON. MARK A. GOLDSMITH

WILLIAM COOPER, ET AL.,

       Defendants.
_____/

### ORDER (1) ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (2) OVERRULING PLAINTIFF'S OBJECTIONS and (3) DISMISSING THE CASE WITH PREJUDICE

Plaintiff filed this case, alleging that his civil rights were violated and invoking 42 U.S.C. § 1983. Defendants are Hamtramack City Manager William Cooper, Hamtramack Police Officer Dennis Janowicz, the City of Hamtramack, and the Hamtramack Police Department. Plaintiff Christopher Galka claims that his Fourth and Fourteenth Amendment rights were violated when he was issued two speeding tickets by the Hamtramack Police Department and his subsequent efforts to contest the tickets.

This matter is presently before the Court on the Report and Recommendation ("R&R") of Magistrate Judge R. Steven Whalen, issued on August 20, 2012. The Magistrate Judge recommends that the motion to dismiss (Dkt. 13) be granted and that the complaint be dismissed with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Specifically, the Magistrate Judge recommends (i) that the claims against Defendants Cooper and Janowicz be dismissed on the basis of qualified immunity; and (ii) that Defendant City of Hamtramack be dismissed because it does not have municipal or <u>respondeat superior</u>

liability.[1] The Magistrate Judge also held that the Rooker-Feldman doctrine and collateral estoppel barred Plaintiff's complaint, and that any new constitutional issues that were raised by Plaintiff were barred by res judicata.

The Court reviews de novo those portions of the R&R to which a specific objection has been made. Fed. R. Civ. P. 72(b). Plaintiff filed timely objections to the R&R (Dkt. 25).[2] Plaintiff contends that Defendant's motion to dismiss should be denied and raises three specific objections. The Court considers each, in turn.

First, Plaintiff objects by arguing that the issuance of the speeding tickets violated his Fourth and Fourteenth Amendment rights. According to Plaintiff, the tickets were a form of harassment by the Hamtramack Police and forcing him to defend them in state traffic court violated his Fourth Amendment rights. Furthermore, Plaintiff alleges that he was denied due process under the Fourteenth Amendment in the hearings related to the tickets. As there is no dispute to the underlying facts,[3] the Court overrules Plaintiff's objections for the reasons explained in the R&R; Plaintiff was afforded due process and the issuance of a traffic ticket is not unreasonable under the Fourth Amendment.

---

[1] Although the Magistrate Judge did not address Defendant Hamtramack Police Department, the analysis for municipal liability is the same for components of cities, such as police departments, as it is for municipalities. See e.g., Sova v. City of Mt. Pleasant, 142 F.3d 898, 904 (6th Cir. 1998) (explaining that for "municipal defendants, a plaintiff who sues a city and its police department for constitutional violations under 42 U.S.C. § 1983 must establish that a governmental policy or custom caused the alleged injury"); Petty v. United States, 80 F. App'x 986, 990 (6th Cir. 2003) (finding no municipal liability in relation to Detroit Police Department).

[2] In this case, Plaintiff submitted an application to proceed in forma pauperis which he signed under penalty of perjury (Dkt. 2) and which was granted by the Court. (Dkt. 3). In the affidavit, Plaintiff certified that: (i) he is not employed, (ii) he has received no income – none – from "business, profession or other self-employment," and (iii) he owns no valuable property – real or otherwise. In stark contrast to his affidavit, however, Plaintiff states in his objections to the R&R that he is a "successful business owner" and "homeowner." Pl.'s Objections to R&R at 5 (Dkt. 25) (emphasis supplied). The Court notes this inconsistency and will issue an appropriate show cause order.

[3] Plaintiff accepts the R&R's recitation of the facts. Pl.'s Objections to R&R, 2 (Dkt. 25).

Second, Plaintiff objects to the Magistrate Judge's conclusion that his complaint is barred by the Rooker-Feldman doctrine. As the R&R explains, the Rooker-Feldman Doctrine holds that "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." In re Smith, 349 F. App'x 12, 14 (6th Cir. 2009). This doctrine of abstention "occupies 'narrow ground,' namely, that it 'is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Id. (internal citations omitted). As recounted in the allegations of his complaint, the facts of this case are intertwined with the state-court judgment regarding the speeding ticket and Plaintiff seeks to have this Court review the judgment in that case. See Kelly v. Marlow, No. 09–2749, 2010 WL 529497 (E.D. Cal. Feb. 12, 2010) (finding Rooker-Feldman barred civil action attacking state-court judgment for a traffic ticket); Jenkins v. New Jersey, No. 10–2805, 2011 WL 1466124 (D.N.J. Apr. 15, 2011) (barring civil action based on state-court judgment relating to failure to obey a stop sign). The Court declines to review the traffic court case and overrules Plaintiff's objection.

Third, Plaintiff objects to the Magistrate Judge's conclusion that the doctrines of collateral estoppel and res judicata apply to his action. This Court is bound by the Full Faith and Credit Act, which requires federal courts to "give the same preclusive effect to a state-court judgment as another court of that State would give." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293 (2005); Price v. Cox, No. 10-14224, 2011 WL 163372, at *3 (E.D. Mich. Jan. 18, 2011).

Under Michigan law, collateral estoppel precludes relitigation of the same issue, while res judicata precludes relitigation of the same claim. McCoy v. Cooke, 419 N.W.2d 44, 45 (Mich. Ct. App. 1988). Collateral estoppel has three elements: (1) "a question of fact

3

essential to the judgment must have been actually litigated and determined by a valid and final judgment"; (2) "the same parties must have had a full and fair opportunity to litigate the issue"; and (3) "there must be mutuality of estoppel." Monat v. State Farm Ins. Co., 677 N.W.2d 843, 845-46 (Mich. 2004). Mutuality of estoppel requires that a party must have been a party, or in privy to a party, in the prior action. Id. at 846. Here, Plaintiff had a full and fair opportunity to litigate the factual question of the speeding ticket, which he lost in the prior action. Also, Plaintiff has filed suit against the City of Hamtramack and its employees and one of its subdivisions, thus there is mutuality of estoppel.

Likewise, Michigan's doctrine of res judicata applies to a claim when (1) the prior action must have been decided on its merits, (2) the issues raised in the second case must have been resolved in the first, and (3) both actions must have involved the same parties or their privies. Limbach v. Oakland Cnty. Bd. of Cnty. R. Comm'n., 573 N.W.2d 336, 340 (Mich. Ct. App. 1997). Claims are identical under res judicata when the same facts and evidence are essential for asserting the claims. Hugget v. Dep't of Natural Res., 590 N.W. 2d 747, 752 (Mich. Ct. App. 1998). Plaintiff's first action was decided on the merits, where, as alleged in his Complaint and discussed in the R&R, Plaintiff raised the issuance of the speeding ticket and the litigation relating to it. That action was between the City of Hamtramack and Plaintiff, just as is the present action. Consequently, the Court overrules Plaintiff's objection.

Having reviewed Plaintiff's objections and the R&R, the Court concludes that Magistrate Judge Whalen correctly analyzed the issues presented and reached the proper result for the proper reasons. Therefore, the Court accepts and adopts the R&R, over Plaintiff's objections, as the findings and conclusions of the Court. The Court grants the motion to dismiss on both Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) grounds (Dkt. 13) and dismisses the complaint with prejudice.

SO ORDERED.

Dated: September 21, 2012           s/Mark A. Goldsmith
       Flint, Michigan                MARK A. GOLDSMITH
                                                 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 21, 2012.

                                                  s/Deborah J. Goltz
                                                  DEBORAH J. GOLTZ
                                                  Case Manager