UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER GALKA,

       Plaintiff,                                    Civil Action No. 11-13089

v.                                             HON. MARK A. GOLDSMITH

WILLIAM COOPER, et al.,

       Defendants.
_____/

## ORDER DENYING PLAINTIFF'S SECOND IN FORMA PAUPERIS APPLICATION (DKT. 52)

The matter before the Court is Plaintiff's second in forma pauperis (IFP) application (Dkt. 52) in this case. Although not explained in Plaintiff's application, it appears that Plaintiff would like to proceed IFP in pursuing his appeal of the Court's order revoking his IFP status and imposing sanctions (Dkt. 46). Under Federal Rule of Appellate Procedure 24(a)(1), "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." "If the district court denies the motion, it must state its reasons in writing." Id. at 24(a)(2). After the denial of a motion to proceed IFP on appeal by a district court, the party may file a motion to proceed IFP on appeal "in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4). The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action." Id. at 24(a)(5). See Callihan v. Schneider, 178 F.3d 800, 803-804 (6th Cir. 1999) (explaining operation of Fed. R. App. P. 24).

In this case, Plaintiff's bad-faith conduct led the Court to revoke his previously-granted IFP status and impose sanctions. 4/10/2013 Order (Dkt. 46). After detecting inconsistencies regarding Plaintiff's financial status in Plaintiff's objections to the Magistrate Judge's Report and Recommendation, the Court ordered Plaintiff to show cause why sanctions should not be imposed. Plaintiff refused to comply with this order to show cause and defied two further orders. Finally, after four orders to show cause, Plaintiff appeared before the Court. The Court conducted a hearing on his conduct in defying the Court's orders and the inconsistencies in Plaintiff's court filings. Specifically, the Court concluded that

> Plaintiff fraudulently obtained his IFP status in the present case by intentionally and materially misrepresenting his financial condition. In sum, Plaintiff lied in his IFP application by attesting that he had no income from any source for the 12-month period preceding the submission of the application on July 18, 2011. He also lied in his IFP application by saying he owned no real property. Furthermore, the Court finds that Plaintiff was deceitful in explaining his failure to appear at the November 28, 2012 and December 18, 2012 show cause hearings before this Court, and that he willfully disobeyed court orders to appear on those dates. Without belaboring the obvious, the Court finds that Plaintiff acted in bad faith, and that his conduct is intolerable by any standard.

Id. at 6-7. Plaintiff's responses at the hearing led the Court to revoke Plaintiff's IFP status. The Court also imposed sanctions due to Plaintiff's misrepresentations on his IFP application and bad-faith conduct in refusing to comply with the Court's orders to show cause. In particular, the Court ordered Plaintiff to pay, by May 10, 2013, the $350 filing fee he had initially avoided and a $500 fine for his failures to appear at the November 28, 2012 and December 18, 2012 show cause hearings. Id. at 10. The Court also ordered that Plaintiff could not commence a new action in this Court before paying the filing fee and fine, and required Plaintiff to attach a copy of its sanctions Order to any action he initiated in this Court over the next ten years. Id. As of

today, Plaintiff has not complied with the Court's Order to pay the filing fee and sanctions, which were due by May 10, 2013.

Plaintiff's second IFP application indicates that he is unemployed, has had no income for the past twelve months, and has $6.50 in a savings account.  Pl.'s IFP Application 1-2 (Dkt 52). Plaintiff also states that he has a car, but "no interest" in it.  Id. at 2.  Plaintiff signed the IFP under penalty of perjury.  Id.  On its face, Plaintiff's second IFP application appears to support Plaintiff's claim of indigence and appears substantially similar to his previous application. However, having determined that Plaintiff materially lied to the Court in the past concerning his first IFP application, the Court finds that Plaintiff utterly lacks credibility.  The Court, therefore, does not believe Plaintiff's representations in his current IFP application.

Accordingly, the Court denies Plaintiff's IFP application (Dkt. 52).  Plaintiff is free to file a motion to proceed IFP on appeal in the court of appeals pursuant to Federal Rule of Appellate Procedure Rule 24(a)(5).

SO ORDERED.


Dated:  May 15, 2013                             s/Mark A. Goldsmith
        Flint, Michigan                          MARK A. GOLDSMITH
                                                 United States District Judge


**Certificate of Service**

I hereby certify that this Notice was electronically filed, and the parties and/or counsel of record were served.

                                        By: s/A. Chubb
                                            Case Manager

3